**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARRY KLIFF,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HEWLETT-PACKARD COMPANY, et al.,<br><br>　　　　　Defendants. | Case No.: C 05-1438 JW PVT<br><br>**ORDER RE STIPULATED PROTECTIVE ORDER** |

　　　　On August 18, 2005, the parties filed a form of Stipulated Protective Order.[1] Based on the form of order presented,

　　　　IT IS HEREBY ORDERED that no later than September 15, 2005, the parties shall submit a revised form of Stipulated Protective Order that allows the parties themselves to have access to information designated "Confidential." The parties have based their form of protective order on this court's model form of Stipulated Protective Order, but have modified the form in one respect that is unacceptable to the court. By excluding the parties themselves from the categories of people entitled to have access to "Confidential" information, the proposed form of Stipulated Protective Order effectively creates two categories of "Confidential – Attorneys' Eyes Only" designations, one which

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

allows experts to have access and one which does not.[2]  However, the court's model form of Stipulated Protective Order is designed to assign the correct legal standard to the two designation categories.  The standard for designating information "Confidential" (that the information qualifies for protection under the standards developed under F.R.Civ.P. 26(c)) does not adequately set forth the proper standard to use for a designation that precludes a party (and those of its employees to whom disclosure is reasonably necessary in connection with the litigation) from directly accessing the information.  In order to justify the latter kind of designation, commonly referred to as "Confidential – Attorneys' Eyes Only," information must be extremely sensitive confidential information the disclosure of which to another party or nonparty would create a substantial risk of serious injury that could not be avoided by a device less restrictive of a party's access to his lawyer. *See Doe v. Dist. of Columbia*, 697 F.2d 1115, 1120 (D.C. Cir. 1983).

Pending issuance of the final form of Protective Order, the parties may designate information "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of the proposed form of Stipulated Protective Order, as it will be modified to allow parties (and those employees of a party to whom disclosure is reasonably necessary in connection with the litigation) to have access to "Confidential" information.  The parties shall treat all such designated materials as mandated by the terms of the proposed form of Stipulated Protective Order, as so modified.

Dated: *8/31/05*

       */s/ Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2]  It is unclear why experts who are allowed access to "Confidential – Attorneys' Eyes Only" information would not be allowed access to the less sensitive "Confidential" information.

ORDER, *page 2*