1    MELINDA S. RIECHERT, State Bar No. 65504
     ALEXANDER NESTOR, State Bar No. 202795
2    MORGAN, LEWIS & BOCKIUS LLP
     2 Palo Alto Square
3    3000 El Camino Real, Suite 700
     Palo Alto, CA  94306-2212
4    Tel:  650.843.4000
     Fax:  650.843.4001
5    E-mail:  mriechert@morganlewis.com

6    Attorneys for Defendants
     HEWLETT-PACKARD COMPANY and YVONNE
7    HUNT

8
     LAW OFFICES OF BARRY B. KAUFMAN, *APC*
9    BARRY B. KAUFMAN, ESQ.,
     State Bar No. 113586
10   16133 Ventura Blvd., Suite 700
     Encino, California 91436
11   (818) 995-9115 – phone
     (818) 99509120 – fax
12   E-mail:  bbkaufman@earthlink.net

13   Attorney for Plaintiff
     BARRY KLIFF
14
                    UNITED STATES DISTRICT COURT
15
                   NORTHERN DISTRICT OF CALIFORNIA
16
                          SAN JOSE DIVISION
17

18   BARRY KLIFF,                          Case No. C-05-01438 JW

19                 Plaintiff,              [REVISED] STIPULATED PROTECTIVE
                                           ORDER
20          vs.

21   HEWLETT-PACKARD COMPANY, a
     Delaware Corporation, YVONNE HUNT,
22   an individual; and DOES 1 through 50,
     inclusive,
23
                   Defendants.
24

25          In response to the Court's August 31, 2005 Order Re Stipulated Protective Order, which

26   addressed a drafting oversight by the parties in their originally submitted Stipulated Protective

27   Order, Defendant Hewlett-Packard Company and Plaintiff Barry Kliff hereby re-submit this

28   [Revised] Stipulated Protective Order and petition the Court to enter it in this action:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3555779.2                                          [REVISED] STIPULATED PROTECTIVE ORDER
                                                                           (C-05-01438 JW)

1    **1.**      **PURPOSES AND LIMITATIONS**

2        Defendant Hewlett-Packard Company maintains that disclosure and discovery

3    activity in this action are likely to involve production of confidential, proprietary, or private

4    information for which special protection from public disclosure and from use for any purpose

5    other than prosecuting this litigation would be warranted.  Plaintiff Barry Kliff has been asked to

6    agree and has agreed to stipulate to this protective order in order to ameliorate Defendant's

7    concerns.  The parties acknowledge that this Order does not confer blanket protections on all

8    disclosures or responses to discovery and that the protection it affords extends only to the limited

9    information or items that are entitled under the applicable legal principles to treatment as

10   confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

11   Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil

12   Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will

13   be applied when a Party or non-party seeks permission from the court to file material under seal.

14   **2.**      **DEFINITIONS**

15       **2.1**    **Party or non-party**:  any Party or non-party to this action, including all of

16   its officers, directors, employees, consultants, retained experts, and outside counsel (and their

17   support staff).

18       **2.2**    **Disclosure or Discovery Material**:  all items or information, regardless of

19   the medium or manner generated, stored, or maintained (including, among other things,

20   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

21   responses to discovery in this matter.

22       **2.3**    **Confidential" Information or Items**:  information (regardless of how

23   generated, stored or maintained) or tangible things that qualify for protection under standards

24   developed under F.R.Civ.P. 26(c).

25       **2.4**    **Highly Confidential – Attorneys' Eyes Only" Information or Items**:

26   extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

27   non-party or nonParty or non-party would create a substantial risk of serious injury that could not

28   be avoided by less restrictive means.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3555779.2                    2          [REVISED] STIPULATED PROTECTIVE ORDER
(C-05-01438 JW)

**2.5**    **Receiving Party or non-party**:  a Party or non-party that receives Disclosure or Discovery Material from a Producing Party or non-party.

**2.6**    **Producing Party or non-party**:  a Party or non-party that produces Disclosure or Discovery Material in this action.

**2.7**    **Designating Party or non-party**:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

**2.8**    **Protected Material**:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

**2.9**    **Outside Counsel**:  attorneys who are not employees of a Party or non-party but who are retained to represent or advise a Party or non-party in this action.

**2.10**    **House Counsel**:  attorneys who are employees of a Party or non-party.

**2.11**    **Counsel (without qualifier)**:  Outside Counsel and House Counsel (as well as their support staffs).

**2.12**    **Expert**:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or non-party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.13**    **Professional Vendors**:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3555779.2                                3                    [REVISED] STIPULATED PROTECTIVE ORDER
(C-05-01438 JW)

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party or non-party agrees otherwise in writing or a court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

**5.1     Exercise of Restraint and Care in Designating Material for Protection**

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party or non-party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party or non-party to sanctions.

If it comes to a Party or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2     Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**(a)     for information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party or non-party affix the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3555779.2                    4          [REVISED] STIPULATED PROTECTIVE ORDER
                                                        (C-05-01438 JW)

1   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at

2   the top of each page that contains protected material. If only a portion or portions of the material

3   on a page qualifies for protection, the Producing Party or non-party also must clearly identify the

4   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

5   each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

6   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

7              A Party or non-party that makes original documents or materials available

8   for inspection need not designate them for protection until after the inspecting Party or non-party

9   has indicated which material it would like copied and produced.  During the inspection and before

10  the designation, all of the material made available for inspection shall be deemed "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party or non-party has

12  identified the documents it wants copied and produced, the Producing Party or non-party must

13  determine which documents, or portions thereof, qualify for protection under this Order, then,

14  before producing the specified documents, the Producing Party or non-party must affix the

15  appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16  ONLY") at the top of each page that contains Protected Material. If only a portion or portions of

17  the material on a page qualifies for protection, the Producing Party or non-party also must clearly

18  identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

19  specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

20  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

21              **(b)**     **for testimony given in deposition or in other pretrial or trial**

22  **proceedings,** that the Party or non-party offering or sponsoring the testimony identify on the

23  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

24  and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

25  ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

26  testimony that is entitled to protection, and when it appears that substantial portions of the

27  testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

28  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3555779.2                                5          [REVISED] STIPULATED PROTECTIVE ORDER
                                                                        (C-05-01438 JW)

1   have up to 20 days to identify the specific portions of the testimony as to which protection is

2   sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

3   CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that

4   are appropriately designated for protection within the 20 days shall be covered by the provisions

5   of this Stipulated Protective Order.

6          Transcript pages containing Protected Material must be separately bound

7   by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL"

8   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

9   non-party offering or sponsoring the witness or presenting the testimony.

10          **(c)**      **for information produced in some form other than**

11  **documentary, and for any other tangible items**, that the Producing Party or non-party affix in a

12  prominent place on the exterior of the container or containers in which the information or item is

13  stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14  ONLY."  If only portions of the information or item warrant protection, the Producing Party or

15  non-party, to the extent practicable, shall identify the protected portions, specifying whether they

16  qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

17          **5.3**      **Inadvertent Failure to Designate**.  If timely corrected, an inadvertent

18  failure to designate qualified information or items as "Confidential" or "Highly Confidential –

19  Attorneys' Eyes Only" does not, standing alone, waive the Designating Party or non-party's right

20  to secure protection under this Order for such material.  If material is appropriately designated as

21  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

22  produced, the Receiving Party or non-party, on timely notification of the designation, must make

23  reasonable efforts to assure that the material is treated in accordance with the provisions of this

24  Order.

25      **6.**      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

26          **6.1**      **Timing of Challenges**.  Unless a prompt challenge to a Designating Party

27  or non-party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

28  unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3555779.2                6            [REVISED] STIPULATED PROTECTIVE ORDER
                                          (C-05-01438 JW)

or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2**   **Meet and Confer**.  A Party or non-party that elects to initiate a challenge to a Designating Party or non-party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party or non-party. In conferring, the challenging Party or non-party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party or non-party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party or non-party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3**   **Judicial Intervention**.  A Party or non-party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party or non-party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party or non-party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party or non-party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party or non-party's designation.

**7.**   **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1**   **Basic Principles**.  A Receiving Party or non-party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3555779.2                                      7        [REVISED] STIPULATED PROTECTIVE ORDER
(C-05-01438 JW)

1    Material may be disclosed only to the categories of persons and under the conditions described in

2    this Order.  When the litigation has been terminated, a Receiving Party or non-party must comply

3    with the provisions of section 11, below.

4            Protected Material must be stored and maintained by a Receiving Party or non-

5    party at a location and in a secure manner that ensures that access is limited to the persons

6    authorized under this Order.

7            **7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>**.  Unless

8    otherwise ordered by the court or permitted in writing by the Designating Party or non-party, a

9    Receiving Party or non-party may disclose any information or item designated CONFIDENTIAL

10   only to:

11           **(a)**    the Receiving Party or non-party's Outside Counsel of record in this

12   action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the

13   information for this litigation and who have signed the "Agreement to Be Bound by Protective

14   Order" that is attached hereto as Exhibit A;

15           **(b)**    the parties themselves, including the officers, directors and

16   employees (including House Counsel) of the Receiving Party or non-party to whom disclosure is

17   reasonably necessary for this litigation and who have signed the "Agreement to be Bound by

18   Protective Order" (Exhibit A);

19           **(c)**    experts (as defined by this Order) of the Receiving Party or non-

20   party to whom disclosure is reasonably necessary for this litigation and who have signed the

21   "Agreement to Be Bound by Protective Order" (Exhibit A);

22           **(d)**    the Court and its personnel;

23           **(e)**    court reporters, their staffs, and professional vendors to whom

24   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

25   Bound by Protective Order" (Exhibit A);

26           **(f)**    during their depositions, witnesses in the action to whom disclosure

27   is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

28   (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3555779.2                8        [REVISED] STIPULATED PROTECTIVE ORDER
                                       (C-05-01438 JW)

1  Protected Material must be separately bound by the court reporter and may not be disclosed to

2  anyone except as permitted under this Stipulated Protective Order;

3          **(g)**    the author of the document or the original source of the

4  information.

5         **7.3**    **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

6  **ONLY" Information or Items**.  Unless otherwise ordered by the court or permitted in writing by

7  the Designating Party or non-party, a Receiving Party or non-party may disclose any information

8  or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

9          **(a)**    the Receiving Party or non-party's Outside Counsel of record in this

10  action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the

11  information for this litigation and who have signed the "Agreement to Be Bound by Protective

12  Order" that is attached hereto as Exhibit A;

13          **(b)**    Experts (as defined in this Order) (1) to whom disclosure is

14  reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

15  Protective Order" (Exhibit A);

16          **(c)**    the Court and its personnel;

17          **(d)**    court reporters, their staffs, and professional vendors to whom

18  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

19  Bound by Protective Order" (Exhibit A); and

20          **(e)**    the author of the document or the original source of the

21  information.

22      **8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

23          **IN OTHER LITIGATION**

24      If a Receiving Party or non-party is served with a subpoena or an order issued in

25  other litigation that would compel disclosure of any information or items designated in this action

26  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

27  Receiving Party or non-party must so notify the Designating Party or non-party, in writing (by

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3555779.2         9    [REVISED] STIPULATED PROTECTIVE ORDER
               (C-05-01438 JW)

1 | fax, if possible) immediately and in no event more than three court days after receiving the

2 | subpoena or order.  Such notification must include a copy of the subpoena or court order.

3 | The Receiving Party or non-party also must immediately inform in writing the

4 | Party or non-party who caused the subpoena or order to issue in the other litigation that some or

5 | all the material covered by the subpoena or order is the subject of this Protective Order.  In

6 | addition, the Receiving Party or non-party must deliver a copy of this Stipulated Protective Order

7 | promptly to the Party or non-party in the other action that caused the subpoena or order to issue.

8 | The purpose of imposing these duties is to alert the interested parties to the

9 | existence of this Protective Order and to afford the Designating Party or non-party in this case an

10 | opportunity to try to protect its confidentiality interests in the court from which the subpoena or

11 | order issued.  The Designating Party or non-party shall bear the burdens and the expenses of

12 | seeking protection in that court of its confidential material – and nothing in these provisions

13 | should be construed as authorizing or encouraging a Receiving Party or non-party in this action to

14 | disobey a lawful directive from another court.

15 | **9.**    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

16 | If a Receiving Party or non-party learns that, by inadvertence or otherwise, it has

17 | disclosed Protected Material to any person or in any circumstance not authorized under this

18 | Stipulated Protective Order, the Receiving Party or non-party must immediately (a) notify in

19 | writing the Designating Party or non-party of the unauthorized disclosures, (b) use its best efforts

20 | to retrieve all copies of the Protected Material, (c) inform the person or persons to whom

21 | unauthorized disclosures were made of all the terms of this Order, and (d) request such person or

22 | persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

23 | Exhibit A.

24 | **10.**    **FILING PROTECTED MATERIAL**

25 | Without written permission from the Designating Party or non-party or a court

26 | order secured after appropriate notice to all interested persons, a Party or non-party may not file

27 | in the public record in this action any Protected Material.  A Party or non-party that seeks to file

28 | under seal any Protected Material must comply with Civil Local Rule 79-5.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1    **11.**    **FINAL DISPOSITION**

2         Unless otherwise ordered or agreed in writing by the Producing Party or non-party,

3    within sixty days after the final termination of this action, each Receiving Party or non-party must

4    return all Protected Material to the Producing Party or non-party.  As used in this subdivision, "all

5    Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

6    reproducing or capturing any of the Protected Material.  With permission in writing from the

7    Designating Party or non-party, the Receiving Party or non-party may destroy some or all of the

8    Protected Material instead of returning it.  Whether the Protected Material is returned or

9    destroyed, the Receiving Party or non-party must submit a written certification to the Producing

10   Party or non-party (and, if not the same person or entity, to the Designating Party or non-party) by

11   the sixty day deadline that identifies (by category, where appropriate) all the Protected Material

12   that was returned or destroyed and that affirms that the Receiving Party or non-party has not

13   retained any copies, abstracts, compilations, summaries or other forms of reproducing or

14   capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

15   retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

16   correspondence or attorney work product, even if such materials contain Protected Material.  Any

17   such archival copies that contain or constitute Protected Material remain subject to this Protective

18   Order as set forth in Section 4, above.

19   **12.**    **MISCELLANEOUS**

20        **12.1**    **Right to Further Relief**.  Nothing in this Order abridges the right of any

21   person to seek its modification by the Court in the future.

22        **12.2**    **Right to Assert Other Objection**s.  By stipulating to the entry of this

23   Protective Order no Party or non-party waives any right it otherwise would have to object to

24   disclosing or producing any information or item on any ground not addressed in this Stipulated

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3555779.2                              11          [REVISED] STIPULATED PROTECTIVE ORDER
                                                        (C-05-01438 JW)

1   Protective Order.  Similarly, no Party or non-party waives any right to object on any ground to

2   use in evidence of any of the material covered by this Protective Order.

3   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

4                                   MORGAN, LEWIS & BOCKIUS LLP

5

6   DATED:      _9/14/05_         _____

7                                   Alexander Nestor
                                    Attorneys for Defendants Hewlett-Packard
8                                   Company and Yvonne Hunt

9                                   LAW OFFICES OF BARRY B. KAUFMAN, *APC*

10

11  DATED:     _9 - 13 - 05_       _____

12                                  Barry B. Kaufman
                                    Attorney for Plaintiff Barry Kliff

13  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

14

15

16  DATED:      _12/16/05_        _____

17                                  The Honorable ~~James Ware~~ *Patricia V. Trumbull*
                                    United States ~~District~~ Judge
18                                  *Magistrate*

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Barry Kliff v. Hewlett-Packard Company and Yvonne Hunt*, Case No. C 05-01438 JW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Executed this _____ day of _____, 2005/2006, at _____.

_____
Name (print)

_____
Signature

_____
Address

_____

_____

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3555779.2                    **EXHIBIT A**         [REVISED] STIPULATED PROTECTIVE ORDER
                                                                    (C-05-01438 JW)